### SCHULMAN v. ROSENSTEIN.

(Supreme Court, Appellate Term. December 22, 1909.)

1. MASTER AND SERVANT (§ 8*)—CONTRACT OF EMPLOYMENT.

Where plaintiff applied to defendant for work in October, and defendant orally stated that his employment would continue during the season until Easter following, and a few days later plaintiff notified defendant that he would go to work according to the previous conversation, and on November 1st plaintiff went to work, there was a contract of hiring, binding on both parties, for a period ending at Easter following.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 8–10; Dec. Dig. § 8.*]

2. SUNDAY (§ 17*)—CONTRACTS—VALIDITY—EVIDENCE.

Proof that a servant only worked six days in the week, that he worked on Sunday, but did not work on Saturday, and that his master kept open on Saturday and Sunday, was insufficient to show whether the contract contemplated that plaintiff should work seven days, and hence was violative of Penal Law (Consol. Laws, c. 40) §§ 2143, 2144, prohibiting labor on Sunday, etc.

[Ed. Note.—For other cases, see Sunday, Cent. Dig. § 48; Dec. Dig. § 17.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Meyer Schulman against Abraham Rosenstein. From a judgment for plaintiff, entered on the verdict of the jury, defendant appeals. Affirmed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

Harry A. Gordon, for appellant.
Goetz & Goetz, for respondent.

GIEGERICH, J. This is an action to recover damages for breach of a contract of employment. The plaintiff was employed by the defendant, and commenced work on November 1, 1908. He left the defendant's employment during the fourth week in December following. The plaintiff's claim was that he was employed, at a weekly salary, for the season commencing in November and ending at Easter in the following April, and that he was discharged without cause in December. The defense was that the contract was for a hiring at will, and not for any definite period.

The plaintiff testified that he had an interview with the defendant on October 24th, when the subject of his proposed employment was discussed, and that he said to the defendant: "Mr. Rosenstein, what time will you take me? Maybe you take me for a couple of months and then let me go." And the defendant said: "All right; you will be good until Easter. That is the season." The plaintiff's brother, who was present at the interview just mentioned, testified that the defendant said: "He will surely work until after Easter." Nothing was finally agreed upon at this interview, however; but some few days later, as the brother testified, he called the defendant on the telephone, at the request of the plaintiff and in his presence, and told the defendant that the plaintiff had consented to go to work according to the previous conversation, and the defendant said: "Let him come to work Sunday." The plaintiff accordingly went to work the following Sunday. This testimony was evidently credited by the jury, and it was sufficient to make out a contract of hiring, binding upon both parties, for a period ending at Easter, 1909.

It is urged by the appellant that the contract contemplated that the plaintiff should work seven days in the week, and was therefore illegal (Penal Law [Consol. Laws, c. 40] §§ 2143, 2144), and that consequently no action can be brought upon it. The point was not made in the trial court, and, while that might not be an insuperable objection to its consideration here, if it was clear that the point was well taken and could not have been obviated, yet, as the record is by no means clear as to what the agreement was in this regard, we would not be warranted in disturbing the judgment on the strength of this objection. The plaintiff testified:

"He [the defendant] keeps open on Saturday and Sunday, and before Christmas he keeps open on Sunday, and I don't work on Saturday. Well, I said, 'Until Christmas I will work Sunday,' but after Christmas he said, 'You go out for salesman Sunday on the road.'"

The plaintiff's brother testified:

"My brother said he doesn't work Saturday, but he will until after Christmas, and then he will work on Sunday, and will go outside for a few days, including Sunday."

And the defendant's daughter testified as follows:

"Q. Of course, he didn't work every day in the week, did he? A. No, sir; he only worked six days, like every other business man. Q. He didn't work Saturdays? A. No; he worked Sunday."

If the point had been raised at the trial, it might have been shown just what was agreed upon, and whether or not the agreement offended against the statute. The fact cannot be satisfactorily determined from the present state of the record.

No other objections to the verdict or judgment appear to require discussion.

The judgment should be affirmed, with costs. All concur.